IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH HERRING,
        Plaintiff,

vs.                               5:06cv85/RS/MD

DEPARTMENT OF CORRECTIONS
        Defendant.

## ORDER

        This cause is before the court upon plaintiff's motion to dismiss case. (Doc. 10). Plaintiff indicates that he wishes to dismiss his case because it is barred by the applicable statute of limitations set forth in § 95.11(5)(g), Florida Statutes.

        Plaintiff appears to object to the state's ability to set forth a limitation on his action. It is well accepted that "[f]ederal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Leslie v. David,* ___ F.3d ___, 2006 WL 1760816 (11th Cir. 2006) (quoting *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting *Uboh v. Reno,* 141 F.3d 1000, 1002 (11th Cir. 1998)). Federal law determines when the statute of limitations begins to run. *Leslie v. David,* ___ F.3d ___ 2006 WL 1760816 (11th Cir. 2006); *Lovett,* 327 F.3d at 1182 (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Leslie v. David,* ___ F.3d ___, 2006 WL 1760816 (11th Cir. 2006) (quoting *Lovett*, 327 F.3d at 1182); see also *Rozar,* 85 F.3d at 561-62)). The statute of limitations for personal injury actions is four years, and hence the statute of limitations for a claim brought in Florida pursuant to 42

U.S.C. §§ 1981 or 1983 is four years. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Fla. Stat. § 95.11(3)(p); *Leslie v. David,* ___ F.3d ___, 2006 WL 1760816 (11th Cir. 2006) *(citing City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002)); *Baker v. Gulf & Western Industries*, 850 F.2d 1480 (11th Cir. 1988).

Plaintiff refers to section 95.11(5)(g), Florida Statutes, effective July of 1996, which provides for a one year statute of limitations for actions brought "by or on behalf of a prisoner relating to the conditions of the prisoner's confinement." Although this statute would appear facially dispositive of the plaintiff's claim, the court's research reveals that it has not been applied, for § 1983 actions or otherwise, in any reported case. And, it does not appear that it would override the well-established four year statute of limitations. *See Leslie, supra.* At least one court has held that while Congress permits federal courts to borrow state limitations periods, neither Congress nor the Supreme Court has authorized states to unilaterally create limitations periods specifically and exclusively applicable to section 1983 actions within a particular state. *See Arnold v. Duchesne County*, 26 F.3d 982, 988, 989 (10th Cir. 1994) (citing cases). A Virginia statute providing a one-year limitations period for § 1983 actions, was repealed four years after the Fourth Circuit held the one-year statute inapplicable to a § 1983 action, on the ground that it "disregard[ed] the constitutional values to be protected by [§ 1983] actions" and "unreasonabl[y] discriminat[ed]" against those actions. *Johnson v. Davis*, 582 F.2d 1316, 1317 (4th Cir. 1978); see also *Burnett v. Grattan*, 468 U.S. 42, 47-48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984) (holding that in selecting the appropriate state statute of limitations period the court must consider "the predominance of the federal interest: courts are to apply state law only if it is not 'inconsistent with the Constitution and laws of the United States.'") (citation omitted). Oregon had a statute which specifically referred to § 1983 actions, and although the Ninth Circuit held it applied to such actions, see *Nored v. Blehm*, 743 F.2d 1386 (9th Cir. 1984) (per curiam), the reference to § 1983 has since been removed from the statute. *See Arnold v. Duchesne County*, 26 F.3d at 988 n.5. Therefore, because plaintiff's motion to dismiss appears to be based on the seemingly erroneous belief that his claim is time barred under § 95.11(5)(g), Florida Statutes, his motion will be denied. Plaintiff is of course

still entitled to dismiss his case without prejudice prior to service pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Should he continue to wish to do so after the court's clarification of the statute of limitations issue, he must merely file a renewed motion for voluntary dismissal.

Plaintiff also indicates that he has tried to comply with court orders regarding the filing of the complaint and a motion to proceed *in forma pauperis*. Apparently, plaintiff filed a complaint that was inadvertently separated from the pleadings filed in this case, and a new case was opened in the Tallahassee Division, 4:06cv252/SPM/WS. The Tallahassee division has been notified of this error, so that appropriate action can be taken. Plaintiff will be required to re-submit a copy of his complaint in this case, as the copy that was attached to his motion to dismiss does not contain an original signature.[1] <u>To avoid further confusion, plaintiff should be sure to write this case number on the complaint form</u>.

In addition, plaintiff still has not filed a motion to proceed *in forma pauperis* in this case. If he wishes to proceed with this action, he must either pay the $350.00 filing fee or submit a proper motion with supporting documentation within thirty days from the date of this order. His case will not be considered any further until his financial obligation to this court has been determined.

Accordingly, it is ORDERED:

Plaintiff's motion to voluntarily dismiss this case (doc. 10) is denied without prejudice.

Plaintiff shall either pay the $350.00 filing fee or submit a motion to proceed *in forma pauperis* with supporting documentation within thirty days from the date of this order.

Plaintiff shall also submit a civil rights complaint as previously instructed. He may submit a copy of the complaint that was included as an attachment to his motion to dismiss, provided that the complaint includes an original signature.

---

[1] As previously instructed, plaintiff should be sure that the conduct of which he complains in the complaint is closely related to the relief sought in the original motion for injunctive relief. (See Doc. 4.)

*Case No: 5:06cv85/RS/MD*

Failure to comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the court.

DONE AND ORDERED this 7th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**