IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH HERRING,
    Plaintiff,

vs.                                     5:06cv85/RS/MD

CHAD SMITH, and
HARELL W. REVELL,
    Defendants.

## **O R D E R**

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that the plaintiff's complaint is legally insufficient in that it improperly includes myriad unrelated allegations, some of which do not appear to be related to the only defendants currently named.  The court will therefore allow the plaintiff an opportunity to refine and clarify his allegations in an amended complaint.

Plaintiff was incarcerated at the Liberty County Jail at the time the events giving rise to this complaint took place.  The identify of the named defendants in this action is unclear as Liberty County Sheriff Harrell W. Revell,[1] and Captain Chad Smith, who is employed by the Liberty County Jail are named on the first page of the complaint form and Steven Seliger, Defense Attorney is listed as an additional defendant on page two of the form, although he does not appear to be properly named as a defendant in this action.

---

[1]Plaintiff should take note of the correct spelling of Sheriff Revell's first and last name.

In the second amended complaint, plaintiff alleges, among other things, that he was improperly placed in confinement without any penological justification; that the confinement unit was unsanitary and he was deprived of cleaning products with which he might have cleaned his cell; that his serious medical needs, a spider bite,[2] infectious wounds which allegedly arose as a result of the unsanitary conditions and serious depression, were not attended to; that his legal documents were taken from him, resulting in a denial of his life and liberty; that someone attempted to poison him while he was at the jail; that he was denied writing materials that he was using to document constitutional violations and other injustices at the Liberty County Jail; that plaintiff was retaliated against for phoning his family outside the jail to complain about how he was being treated; that Smith fabricated an escape charge against him; and that corrections officers not named as defendants in this action encouraged or incited other inmates to assault the plaintiff. He also alleges that Smith and Revell were engaged in a conspiracy to deprive him of his federally protected rights. Plaintiff seeks $500,000 in damages from defendants Smith and Revell, and $250,000 in damages from attorney Seliger.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Plaintiff is first advised of the limitations of 42 U.S.C. § 1997e(e) which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior

---

[2] Plaintiff alleges that both he and an inmate "John Doe" were denied this treatment. Plaintiff does not have standing to bring a claim on behalf of John Doe, who is not a plaintiff in this action.

*Case No: 5:06cv85/RS/MD*

showing of physical injury." Therefore, to the extent that plaintiff seeks monetary damages, because he has made no showing of physical injury he may be limited to recovering only nominal damages, which are usually awarded in the amount of $1.00.

Furthermore, as plaintiff was previously reminded, the complaint form clearly states that if claims are not related to the same basic incident or issue they must be addressed in a separate civil rights complaint. (Doc. 31 at 8). Plaintiff's complaint, as noted above, is far-reaching and includes allegations of wrongdoing over which none of the named defendants had any control. Additionally, many of his allegations do not show how the defendants were directly responsible for the alleged constitutional violations. With respect to his allegations against Sheriff Revell, plaintiff is again instructed that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).

Plaintiff's allegations of conspiracy still lack detail. In civil rights actions a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990); *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989); *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986). The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Bendiburg, supra; Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854

F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Since plaintiff provides no background of material facts with which to support his allegation of a general conspiracy against him, this allegation as stated is not actionable.

Many of plaintiff's claims allege violations of his right to be free from cruel and unusual punishment as a pre-trial detainee. In the case of a pre-trial detainee like plaintiff, "the Eighth Amendment prohibitions against cruel and unusual punishment do not apply." *Cook ex rel. Tessier v. Sheriff of Monroe County,* 402 F.3d 1092, 1115 (11th Cir. 2005) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (quoting *Tittle*, 10 F.3d at 1539 n. 3)). Nevertheless, "in regard to providing pretrial detainees with such basic necessities as ... medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Cook,* 402 F.3d at 1115 (quoting *Belcher,* 30 F.3d at 1396; *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985)). Thus, pretrial detainees plainly have a Fourteenth Amendment due process right "to receive medical treatment for illness and injuries, which encompasses a right to psychiatric and mental health care, and a right to be protected from self-inflicted injuries, including suicide." *Id.* (citations omitted); see also *Cagle v. Sutherland*, 334 F.3d 980, 985 (11th Cir. 2003).

Due process requires that a pre-trial detainee not be punished prior to a lawful conviction. *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1872 60 L.Ed.2d 447 (1979)). The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose. *Id*. (Citing *Bell v. Wolfish,* 441 U.S. at 538, 99 S.Ct. at 1873; *McMillian v. Johnson,* 88 F.3d 1554, 1564 (11th Cir. 1996). An intent to punish on the part of detention facility officials is sufficient to show unconstitutional pretrial punishment. *Id.* (Citing *Bell v. Wolfish*, 441 U.S. at 538, 99 S.Ct. at 1873-74; *McMillian*, 88 F.3d at 1564). Further, "if a restriction or condition is not reasonably related to a legitimate

goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment[.]" *Bell v. Wolfish,* 441 U.S. at 539, 99 S.Ct. at 1874. Plaintiff must make more than conclusory assertions of a conspiratorial intent to punish in order to state a claim.

In amending, plaintiff should review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form which has been marked "Third Amended Complaint."  **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.**  He should also delete allegations that are repetitive or unrelated to the core allegations against the named defendants.

Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in sequentially numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  However, plaintiff should avoid unnecessary repetition of his allegations.  If plaintiff cannot state exactly how a particular defendant harmed him, or violated his constitutional rights, he should delete or drop that person as a defendant from his complaint.  Similarly, any allegations concerning claimed constitutional violations that are unrelated to the defendants named in the complaint should be deleted.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.

Plaintiff is advised that the third amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the third amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number and the words "Third Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file a third amended civil rights complaint as instructed herein.

3.  Failure to submit a third amended complaint as instructed will result in a recommendation of dismissal of this action without prejudice.

DONE AND ORDERED this 5th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**