IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH HERRING,
    Plaintiff,

vs.                               5:06cv85/RS/MD

CHAD SMITH, and
HARELL W. REVELL, et al.
    Defendants.

## O R D E R

This cause is before the court upon plaintiff's third amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that it fails to comply with the court's previous orders, and it is incomplete in that plaintiff has failed to include a request for relief or statement of claims, only a request for an extension of time to file such items.  The court will therefore allow the plaintiff a final opportunity to refine and clarify his allegations in an amended complaint.

Plaintiff was incarcerated at the Liberty County Jail at the time the events giving rise to this complaint took place.  He names as defendants the Liberty County Jail,[1] Liberty County Sheriff Harrell W. Revell, Captain Chad Smith, and Steven Seliger, defense attorney.  In the third amended complaint, plaintiff alleges, among other things, that his serious medical needs, a spider bite, infectious wounds which allegedly arose as a result of the unsanitary conditions, and serious depression, were not attended to; that he was improperly placed in solitary confinement without any penological justification; that the confinement unit was unsanitary and he was deprived of cleaning products with which he

---

[1]The reason that the Liberty County Jail is named as a "defendant" is unclear, as it is merely the location where the incidents in question occurred.

might have cleaned his cell; that light bulbs were taken from the cell to increase plaintiff's psychological discomfort; that his legal documents were taken from him, resulting in a denial of his life and liberty; that he was denied access to his attorney and forced to miss court dates; and that an escape charge was fabricated against him.  He also alleges that his former defense counsel along with Smith and Revell were engaged in a conspiracy to deprive him of his federally protected rights.  Plaintiff has not identified either the rights he contends that have been violated or the relief sought.

Plaintiff is reminded of the limitations of 42 U.S.C. § 1997e(e) which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Therefore, to the extent that plaintiff seeks monetary damages, because he has made no showing of physical injury he may be limited to recovering only nominal damages, which are usually awarded in the amount of $1.00.

Furthermore, as plaintiff was previously reminded, the complaint form clearly states that if claims are not related to the same basic incident or issue they must be addressed in a separate civil rights complaint.  (Doc. 31 at 8, doc. 41 at 5).  Plaintiff's complaint, as noted above, is far-reaching.  He attempts to link the events together by claiming that the alleged mistreatment occurred in "retaliation" for his charged offense, a DUI manslaughter involving a relative of the sheriff.  "The gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutional right to free speech, redress of grievances, or similar activity.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (quoting *Thomas v. Evans,* 880 F.2d 1235, 1242 (11th Cir. 1989)).  Thus, even assuming the truth of plaintiff's allegations, it is clear that he was not penalized for exercising a constitutional right.  Therefore, while he may be able to state claims for some of the underlying actions or omissions, they do not all constitute part of the same incident or issue, and may not be combined together in a single complaint.

Plaintiff's allegations of conspiracy still lack adequate detail.  In civil rights actions a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.  *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990);

*Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989); *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Bendiburg, supra; Addickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). It is here where the plaintiff's complaint fails.  His allegations are utterly conclusory in this respect.

In amending, plaintiff should review the foregoing, as well as the court's previous orders, to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form which has been marked "Fourth Amended Complaint." **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.** He should also delete allegations that are repetitive or unrelated to the core allegations against the named defendants.

Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in sequentially numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is reminded that the fourth amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

*Case No: 5:06cv85/RS/MD*

Plaintiff should file the fourth amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Fourth Amended Complaint" should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file a fourth amended civil rights complaint as instructed herein.

3. Failure to submit a fourth amended complaint as instructed will result in a recommendation of dismissal of this action without prejudice.

DONE AND ORDERED this 13th day of June, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv85/RS/MD*