IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH HERRING,
    Plaintiff,

vs.                                      5:06cv85/RS/MD

CHAD SMITH, and
HARELL W. REVELL, et al.
    Defendants.

## **O R D E R**

This cause is before the court upon plaintiff's fourth amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that it fails to comply with the court's previous orders, names at least one improper defendant, contains extraneous and repetitive allegations and improper requests for relief. The court will therefore allow the plaintiff a final opportunity to refine and clarify his allegations in an amended complaint.

Plaintiff was incarcerated at the Liberty County Jail at the time the events giving rise to this complaint took place. He names as defendants the Liberty County Jail, Liberty County Sheriff Harrell W. Revell, Captain Chad Smith, and defense counsel Steven Seliger, defense attorney. He is currently incarcerated at Lake Correctional Institution after having been convicted of DUI manslaughter, and driving with his license suspended or revoked. The victim in his offense conduct was the grandson by marriage of one of the defendants, Sheriff Revell. In the fourth amended complaint, plaintiff alleges, among other things, that his serious medical needs, a spider bite, infectious wounds which allegedly arose as a result of the unsanitary conditions, and a psychiatric condition, were not attended to; that he was improperly placed in solitary confinement without any penological justification; that

the confinement unit was unsanitary and he was deprived of cleaning products with which he might have cleaned his cell; that light bulbs were taken from the cell to increase plaintiff's psychological discomfort; that his legal documents were taken from him, resulting in a denial of his life and liberty[1]; that he was denied access to his attorney and forced to miss court dates; and that an escape charge was fabricated against him. He claims that these acts were in retaliation for his filing of grievances about his medical care, and as "punishment" for his leaving the scene of the accident involving Sheriff Revell's relative by marriage. Plaintiff also alleges that his former defense counsel Mr. Seliger along with Smith and Revell were engaged in a conspiracy to deprive him of his federally protected rights because counsel failed to seek an order transferring plaintiff to another facility. (Doc. 55, ¶ 80).

With respect to plaintiff's claim against "Liberty County Jail," he seeks an order directing the jail to change its practices and policy to adhere to the laws of Florida and to implement certain inmate procedures, including a system of request forms, inmate sick call procedure, a grievance procedure, an intake procedure, a medical policy including employment of a physician, administrative confinement procedures, and a telephone policy. (Doc. 55 at 118-125). He requests as "alternative relief," compensatory damages for the physical injuries he sustained, a thyroid disorder and massive muscle tissue loss, both of which are mentioned for the first time in this complaint. He also requests monetary damages to compensate him for his suffering, "normal (sic) damages" to compensate him for mental and emotional injuries, and punitive damages. He states that his request for these damages are only an alternative to his request that Liberty County Jail change its policies and practices.

As damages against Sheriff Revell, plaintiff asks that he be "heavily reprimanded" that he "wholeheartedly and with all conviction petition the County or County Commissioners' Office to comply with the relief sought" against Liberty County Jail, that

---

[1] Plaintiff claims that the denial of his legal documents led to an involuntary plea in a state court case in which he presumably was represented by defendant Seliger. He does not allege that his state court conviction has been overturned. Thus his assertion that the plea was involuntary is unsupported.

*Case No: 5:06cv85/RS/MD*

Sheriff Revel "award the plaintiff one prayer asking the Lord God's guidance in changing the policies and practices of the Liberty County Jail," and $1.00 in nominal damages for mental and emotional injuries. (Doc. 55 at 127-128). Plaintiff states that he waives his right for punitive damages out of compassion for the loss of a loved one. (Doc. 55 at 128).

With respect to defendant Chad Smith, he seeks monetary damages to compensate him for the filing fees and costs associated with this case and "normal" damages for mental and emotional injury in the amount of $250.00 and he again "forgives" any entitlement to punitive damages.

Finally, plaintiff notes that defendant Seliger is out of state and otherwise cannot be contacted, so he asks that "his representation be found and ordered before the court," cryptically states "ineffective assistance of counsel and in conflict of interest with that of plaintiff's interest and in concert with that of the defendants," and that otherwise he would have demanded damages in the amount of $250.000 (sic) dollars.

Even if he were to prevail, many of plaintiff's requests for relief are either unclear or not forms of relief to which he would be entitled. He should limit his requests to damages, whether nominal, compensatory or punitive, or declaratory and injunctive relief. While a request for prayer is certainly a creative form of seeking relief, that is not something that can be ordered by this court. Likewise, his request for relief as to attorney Seliger is unclear. To the extent he wishes to raise a claim that defense counsel provided constitutionally ineffective representation or operated under a conflict of interest, this is not the proper forum in which to do so.

Plaintiff separately filed a pleading entitled "motion to clarify the amended title or heading in the complaint" in which he attempts to explain his reason for including the Liberty County Jail as a defendant in this complaint. However, the jail itself is not a proper defendant in this action. Plaintiff refers to a "Board" and the County Commissioners who oversee the jail, but he has not shown that these individuals should have been on notice of the conditions of which plaintiff complains.

Plaintiff complains about certain conditions of his confinement, such as the removal of his bedding, and the removal of light bulbs from his cell to "prevent the plaintiff from

removing them" (doc. 55 at 84), which could have been done in the interest of plaintiff's personal safety due to his admitted psychiatric issues.  If such is the case, plaintiff cannot use such actions as proof of unconstitutional conditions of confinement.  Plaintiff's complaint includes contradictory allegations.  He variously claims that his thyroid failure was due to infections he suffered or application of pesticides in his cell (doc. 55 at 81, 94), and that the infections or deteriorated spots on his body were due to a spider bite, or the poor condition of the mattress or the use of pesticides in his cell.  (Doc. 55 at 1-3, 54, 94).  He claims that an escape charge was "fabricated" against him, but does not provide facts in support of this assertion, such as that the resulting DR or criminal charges were dropped.  He claims that his former defense counsel was engaged in a conspiracy with Revel and Smith, but provides no factual support for this assertion.  The only evidence of a concerted effort to deny plaintiff his constitutional rights was that plaintiff was told by another officer that Sheriff Revel felt hatred towards plaintiff for leaving the scene of the accident and had ordered defendant Smith to deprive plaintiff of medical care, sanitation, telephone, lights and whatever to punish him.  (Doc. 55 at 68, 71).

In amending, plaintiff should review the foregoing, as well as the court's previous orders, to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form which has been marked "Fifth Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  **He should also delete allegations that are repetitive or unrelated to the core allegations against the named defendants**.  Finally, he should only include claims that he has exhausted through the administrative grievance process.

Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in sequentially numbered paragraphs and including specific

dates and times of the alleged unconstitutional acts. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is reminded that the fifth amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the fifth amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Fifth Amended Complaint" should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file a fifth amended civil rights complaint as instructed herein.

3. Failure to submit a fifth amended complaint as instructed will result in a recommendation of dismissal of this action without prejudice.

DONE AND ORDERED this 23rd day of July, 2007.

/s/ Miles Davis
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:06cv85/RS/MD*